EDWARD CANTWELL *v.* COMMISSIONERS of NEW HANOVER.

Solicitors, before the passage of the Act of 1873–'74, chap. 170, were entitled to the fees allowed by the Rev. Code, chap. 102, sec. 14; and in cases of insolvent defendants, the County Commissioners were required to pay them.

CIVIL ACTION against the County Commissioners commenced in the Court of a Justice of the Peace and tried by *Russell, J.,* at Chambers in NEW HANOVER county, January 13, 1874.

It was admitted on the trial that the plaintiff is the Solicitor for the State in the 4th judicial district, and that he prosecuted the action in which the account for fees herein sued for to conviction. It was further admitted that the defendants in said action were insolvent, and that the fees could not be collected from them, and that as to such insolvent fees, the Commissioners stand in the place of the County Court.

The Commissioners contend that by law they are not liable to the Solicitor for his insolvent fees.

The Justice of the Peace gave the plaintiff judgment, from which the Commissioners appealed to the Judge of the district.

He affirmed the Justice's judgment, when the defendants again appealed.

*Attorney General Hargrove* and *London*, for appellants.
*E. G. Haywood*, contra.

BYNUM, J. The 11th sec., ch. 81, of the acts of 1870–'71, repeals the act of 1868, fixing the fees of Solicitors, and restores sec. 14, ch. 102 of the Rev. Code, which latter act is now in force and establishes the fees of the Solicitors.

If this act had to be construed by itself, we should not hesitate to declare our opinion to be that that the Solicitor was entitled to no fee, except upon the conviction of the defendant to be paid by him only. But the Revised Code is but a single statute, and sec. 8, ch. 28 thereof provides, that " where the defendant, if convicted, shall be insolvent and unable to pay costs, the officer entitled to fees in said prosecutions, shall render to the County Court an accurate fee bill, enumerating the costs due him, and the County Court shall order the county trustee to pay them," with a proviso giving sheriffs and clerks half fees, except in certain cases.

As Solicitors are certainly entitled by law to fees on conviction of defendants, this section of the act embraces them, and must have effect, unless it is controlled by sec. 14, ch. 102, Revised Code.

Both sections being in *pari materia*, must be construed together and reconciled, if possible, by giving effect to each. This we think can be done.

Sec. 8, ch. 28, was manifestly intended to supply the omission in sec. 14, ch. 102, to provide any compensation to Solicitors, where the defendant was insolvent. Hence the language and the idea are unmistakable, " where the defendant, if convicted, shall be insolvent, the County Court shall order the county trustee to pay them." Unless this construction is given to section 8, that section has neither efficacy or meaning. But the Court cannot refuse to give effect to a plain provision of

the law, which has been on our statute book for many years, and very generally acted upon in the judicial circuits, according to this construction.

The Legislature of 1873–'74 evidently put this interpretation upon the several acts, and by sec. 1, acts of 1873–'74, ch. 170, cut down the fees on insolvents to half fees to the Solicitor. So the question raised here has no importance except in this particular case, as the latter act clearly fixes the fees, and by whom they are to be paid.

There is no error.

PER CURIAM.                                Judgment affirmed.